UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBIN DESHAWN ANDERSON,

                       Petitioner,           **MEMORANDUM AND ORDER**

      - against -                      11-CV-4538 (SLT)

DUKE TERRELL, Warden,
Metropolitan Detention Center,

                     Respondent.
-------------------------------------------------------------X

**TOWNES, United States District Judge:**[1]

In September 2011, Robin Deshawn Anderson ("Petitioner") – then an inmate at the Metropolitan Detention Center in Brooklyn ("MDC") and now a resident of a Residential Reentry Center in Detroit, Michigan – commenced this action by filing a petition against Duke Terrell, the Warden of MDC (the "Petition"). It is unclear whether the Petition, which principally seeks credit for time Petitioner served in a Michigan state prison on a related offense, is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. However, regardless of how it is construed, the Petition must be dismissed for the procedural reasons set forth below.

## BACKGROUND

On March 4, 2008, Petitioner was convicted, upon his plea of guilty, of possession with intent to distribute cocaine base in the United States District Court for the Eastern District of Michigan. At the time of his conviction, Petitioner was serving time in a Michigan state prison for a drug-related crime. In sentencing Petitioner to one hundred months imprisonment on the

---

[1] The Court gratefully acknowledges the assistance of a student intern, Jasmine Khoshnou of Pepperdine Law School, in the preparation of this Memorandum and Order.

federal offense, District Judge Avern Cohn ruled that the federal sentence was to run concurrently with the state sentence. According to the docket sheet maintained by the United States District Court for the Eastern District of Michigan, Petitioner, who had waived his right to appeal as a condition of the plea, did not appeal his federal conviction.

On September 12, 2011, Petitioner commenced this action by filing a five-page document entitled, "Petition." The first two pages of the document appear to have been created by cutting and pasting portions of a form, beginning with paragraph three. Those portions of the form which would have set forth the statutory provisions on which the Petition is based have been omitted.

The first two pages appear to challenge the manner in which the Federal Bureau of Prisons ("BOP") calculated Petitioner's prison time. In that section of the form which prompts a petitioner to state his grounds for relief, Petitioner states that he is "requesting ... credit of time[ ] served in state prison, which has relevant conduct to the federal sentence." Petition, ¶ 8 (D)(A). Petitioner further states that he was "detained from 1/22/07 until his sentencing [o]n March 4, 2008, and was not credited for the said time which is part of the same offense and relevant conduct." *Id.* Petitioner then refers to a one-page "Attachment," which constitutes the third page of the Petition.[2]

The Attachment does not contain any factual allegations but merely discusses three Second Circuit cases – *United States v. Williams*, 260 F.3d 160, 167 (2d Cir. 2001), *United States v. Fermin*, 252 F.3d 102, 107 (2d Cir. 1999), and *United States v. Gonzalez*, 192 F.3d 350, 355 (2d Cir.1999) – which address how a federal court should sentence a defendant who is already serving a state court sentence arising out of the same criminal conduct that led to the

---

[2] The fourth and fifth pages of the Petition are the amended judgment of conviction in Petitioner's federal case.

federal prosecution. Petitioner appears to argue that these cases not only require that the federal court run the federal sentence concurrently with the state sentence, but subtract the time the defendant has already served in state prison as of the date of sentencing from the federal sentence. Although the Attachment does not expressly argue that Judge Cohn erred, the Attachment suggests that Petitioner may be attempting to claim that Judge Cohn improperly "backdated" the federal sentence, rather than following the procedure dictated by the Second Circuit cases.

On September 21, 2011, this Court entered an Order to Show Cause which noted, *inter alia*, that the Clerk of Court had construed the Petition as seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court observed, "[t]here may be an issue regarding whether this petition is properly brought under 28 U.S.C. § 2241 or 28 U.S.C. § 2255." However, the Court noted that the issue did not have to be resolved at that juncture, and proceeded to set a briefing schedule. That schedule provided that the United States Attorney, as attorney for respondent Terrell, was to file a return within twenty days and that Petitioner would have twenty days following his receipt of the Government's papers in which to file a reply.

The Government's opposition papers do not address the issue identified in the Order to Show Cause, but simply assume that the Petition was brought solely pursuant to 28 U.S.C. § 2241. The Government's Response in Opposition to Petitioner's Application for a Writ of Habeas Corpus ("Government's Memo"), filed on October 12, 2011, principally argues that the Petition should be dismissed for Petitioner's failure to exhaust his administrative remedies. In support of their position, the Government has submitted an affirmation signed by a Management Analyst at the BOP's Designation and Sentence Computation Center, Patrick Liotti (the "Liotti Declaration"). Mr. Liotti states that Petitioner has "not filed a single administrative remedy

3

while in BOP custody regarding his sentencing calculation." (Liotti Declaration ¶ 19). The Government concedes that "the exhaustion requirement may be waived when administrative remedies 'would either be futile or render the legal issue moot.'" (Government's Memo, at 5). However, the Government notes that Petitioner has failed to allege "any facts in his petition that would warrant a waiver of the exhaustion requirement." (Government's Memo, at 5). To date, Petitioner has not filed a reply.

## DISCUSSION

As a preliminary matter, this Court notes that there is some ambiguity as to the statutory basis for the Petition. The first two pages of the Petition appear to fault the BOP for failing to properly credit Petitioner with the time served in state prison prior to his federal conviction. Since 28 U.S.C. § 2241 "is the proper means to challenge the execution of a sentence," *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004), the Clerk of Court construed Petitioner's submission as a § 2241 petition.

The Attachment to the Petition, however, suggests that Petitioner may be attempting to argue that Judge Cohn erred in the manner in which he imposed the federal sentence. Section 2255 is "the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence." *Adams*, 372 F.3d at 134. The Second Circuit has ruled that federal prisoners generally must use § 2255 instead of § 2241 to challenge a sentence as violating the United States Constitution or federal laws. *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001).

*Pro se* petitions for habeas corpus relief, like *pro se* complaints in civil cases, must be construed liberally. *See, e.g., Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998); *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Since the Petition, read liberally, can be construed as either a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or a

4

motion to vacate, set aside, or correct Petitioner's federal sentence pursuant to 28 U.S.C. § 2255, this Court will analyze the Petition under both statutory provisions.

*Section 2241*

"Credit for prior custody, governed by 18 U.S.C. § 3585(b) (1988), is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, not by a district court at the time of sentencing." *United States v. Keller*, 58 F.3d 884, 894 (2d Cir. 1995). The District Court does not have authority to issue an order directing the BOP to credit Petitioner's sentence with the time he spent in state custody. *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997). However, a petition for federal habeas corpus relief, pursuant to 28 U.S.C. § 2241, may be filed by "a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997), and *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991)).

"Although Section 2241 does not contain a statutory exhaustion requirement, court[s] have interpreted it to require a petitioner to exhaust available state court remedies before seeking relief ... in federal court." *Henry v. United States*, No. 11-CV-391 KAM, 2014 WL 7075800, at *3 (E.D.N.Y. Dec. 12, 2014), *see Carmona*, 243 F.3d at 634 (citing *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir. 1979)). "Federal prisoners seeking to challenge the conditions of their confinement must first utilize the four-step Administrative Remedy Program developed by the Bureau of Prisons." *Medina-Rivera v. Terrell*, No. 11 Civ. 734 (BMC), 2011 WL 3163199, at *1 (E.D.N.Y. July 26, 2011). These four steps include: an attempt by the prisoner to resolve the matter informally, submission of a formal written Administrative Remedy Request to the institution in which the prisoner is housed, an appeal to the BOP's Regional Director, and an

appeal to the BOP's General Counsel. 28 C.F.R. § 542.10 - 542.15; *see also Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009). "If a petitioner's remedies remain unexhausted, he may only seek a writ of habeas corpus under Section 2241 if: (1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law ... or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Henry*, 2014 WL 7075800, at *2 (internal quotations and citations omitted).

Here, the Government has adduced proof that Petitioner failed to exhaust his administrative remedies. Specifically, the Government has provided the Court with a declaration from a Bureau of Prisons' employee who checked records maintained by that agency and ascertained that Petitioner never initiated the four-step process with respect to his sentencing calculation. *See* Liotti Declaration, ¶ 19. Petitioner, who never filed a reply to the Government's opposition papers, also failed to establish cause for failing to exhaust his administrative remedies or prejudice. Accordingly, if the Petition is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner's claims are procedurally forfeited.

## *Section 2255*

Section 2255(a) provides, in pertinent part:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or ... is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"[A] motion under § 2255 is not a substitute for direct appeal." *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005). Ordinarily, a defendant must exhaust his direct appeals before filing a motion pursuant to § 2255. *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011). If a

petitioner has not raised upon direct appeal the claim which is the subject of his § 2255 petition, the claim is "procedurally forfeited ... unless he can show '(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence.'" *Sapia*, 433 F.3d at 217 (quoting *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998) (internal citations and quotations in *Rosario* omitted)).

In addition, section 2255 has procedural, "gate-keeping" requirements which are not present in Section 2241. Notably, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) added as § 2255(f) a one-year period of limitations which requires that the § 2255 motion be brought within one year from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, a § 2255 motion "should in the first instance be made to the sentencing court." *Zaffarano v. Fitzpatrick*, 404 F.2d 474, 478 (2d Cir. 1968). Section 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or

ineffective to test the legality of his detention." A motion pursuant to "§ 2255 is not inadequate or ineffective ... simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion." *Jiminian*, 245 F.3d at 147-48.

If this Court were to construe the Petition as a § 2255 motion, the motion would be procedurally barred in several respects. First, Petitioner never appealed from the judgment entered by Judge Cohn. Accordingly, any claim which Petitioner may seek to advance regarding the manner in which Judge Cohn sentenced him is procedurally forfeited, absent cause and prejudice. No cause and prejudice is apparent here. This Court notes that, although Petitioner waived his right to appeal as a condition of his federal plea, one of the three Second Circuit cases which Petitioner cites in the Attachment expressly holds that the issue addressed in those cases can be raised on direct appeal, regardless of whether Petitioner waived his right to appeal in the course of entering his guilty plea. *See Williams*, 260 F.3d at 164-65.

Second, if the Petition were construed as a § 2255 motion, it would be time-barred. The Petition was filed in mid-September 2011, about three and one-half years after the amended judgment in this case was entered. The Petition does not suggest any reason for tolling the one-year limitation period.

Third, a § 2255 motion should have been filed in the sentencing court: the United States District Court for the Eastern District of Michigan. The argument raised in the Attachment could have been raised on direct appeal or in a timely filed § 2255 motion. Having failed to appeal or timely move to vacate his amended judgment of conviction, Petitioner cannot now evade AEDPA's gate-keeping requirements by arguing that his § 2255 remedies are inadequate or ineffective and proceeding in this Court. *See Jiminian*, 245 F.3d at 147-48.

## CONCLUSION

For the reasons set forth above, the Petition is procedurally barred, regardless of whether it is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Accordingly, the Petition is denied. Because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of Court is directed to close the case.

**SO ORDERED**

/S/
SANDRA L. TOWNES
United States District Judge

Dated: July 22, 2015
Brooklyn, New York